## Griffith v. Smith.

*Negligence — Automobiles — Statement of claim — Conclusions of law — Claim for damages—Practice Act, 1915.*

1. An allegation in a statement of claim that the operator of the plaintiff's car was "a duly qualified operator of automobiles," is not pleading a conclusion of law in violation of the Practice Act of May 14, 1915, P. L. 483.

2. It is not necessary to allege in a statement of claim for damages resulting from a collision that the plaintiff's car was licensed.

3. To allege in a statement of claim, in an action for damages resulting from a collision of automobiles at the intersection of two country roads, that the defendant drove his car at an "illegal rate of speed," is not pleading a conclusion of law in violation of the Practice Act of 1915.

4. A claim for damages in an amount "upwards of $1000" is sufficiently definite to comply with the requirements of the Practice Act of May 14, 1915.

Rule to strike off statement of claim. C. P. Bucks Co., Sept. T., 1921, No. 64.

*Harman Yerkes,* for plaintiff; *Boyer & Vanartsdalen,* for defendant.

RYAN, P. J., Dec. 12, 1921.—The affidavit of defence sets up seven objections to the sufficiency of the plaintiff's statement of claim. The first is that paragraph 3 avers that Thomas H. Amole, who was operating the plaintiff's car at the time of the alleged collision, was "a duly qualified operator of automobiles;" and the third, that it is not averred in the statement that he was licensed to operate automobiles. To say that one is a "duly qualified" operator may be reasonably construed as a statement of fact, that he was of the proper age and had had the prescribed five days' experience, that he was acquainted with the mechanism of an automobile and had acquired skill in driving such a vehicle. The averment complained of is not within the prohibition of the Practice Act of 1915. It is immaterial whether Amole was at the time a duly qualified operator or a licensed driver, so far as plaintiff's statement of his cause of action is concerned. If he were neither, the defendant would not be relieved of his duty in operating his own car. He owed the same duty of care, according to the circumstances, to an unskilled and unlicensed driver of another car that he would owe to any other operator of a car. The affidavit further objects that the statement in paragraph 2 charges that defendant drove at an "illegal rate of speed." It appears by the statement that the parties' cars collided at the intersection of two country roads. What is an illegal rate of speed at such a place is declared by the act of assembly relating to the subject to be a speed in excess of thirty miles an hour. The state-

1 D. & C.

ment is, therefore, definite as to speed, and states a fact in this particular. The fourth, fifth, sixth and seventh objections raised to the statement are not well founded. The items of damage, *i. e.*, the particulars of the injuries, are enumerated. The suit is brought for $1000. The plaintiff is not bound to go further than this and state the evidence by which he will prove his claim. If any of the items of injury are not clear, a question of the admission of evidence in reference to them may arise on the trial. We think the statement of claim is sufficient.

And now, to wit, Dec. 12, 1921, judgment is entered for the plaintiff on the questions of law raised by the affidavit of defence.

From Calvin S. Boyer, Doylestown, Pa.